UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **LORENZO M. KINDLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 10-CV-2219 |
| | ) |
| **MEIJER STORES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION

On September 28, 2010, Plaintiff Lorenzo M. Kindle, through his attorney Ron Langacker, filed his Complaint (#1) against Defendant Meijer Stores, Inc. On January 25, 2011, Plaintiff filed a Motion for Extension of Time to Effectuate Service (#6). Plaintiff requested a "brief extension of time" of 14 days in order to properly effectuate service and stated that "good cause exists with regards to requesting this brief extension." Plaintiff did not elaborate as to any reason why an extension of time was necessary. On January 25, 2011, Magistrate Judge David G. Bernthal entered a text order granting Plaintiff's Motion. Judge Bernthal allowed Plaintiff 14 days from January 26, 2011, to serve Defendant.

On February 9, 2011, Plaintiff filed a Second Motion for Extension of Time to Effectuate Service (#7). Plaintiff asked for an additional 14 days to perfect service. Plaintiff again stated that "good cause exists with regards to requesting this brief extension" but, again, provided no explanation as to why this was the case. On February 10, 2011, Judge Bernthal entered a text order and denied the motion as Plaintiff had not shown good cause to justify a second extension of time to serve the corporate Defendant in this case.

The record shows that Plaintiff has taken no further action. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Accordingly, if a plaintiff does not serve a summons and complaint on a defendant "within 120 days after the complaint is filed," the court shall "dismiss the action without prejudice" or "order that service be made within a specified time." Fed. R. Civ. P. 4(m); see also Chapman v. United States Marshal, 584 F. Supp. 2d 1083, 1090 (N.D. Ill. 2008). The time for service must be extended for an appropriate period if the plaintiff shows good cause for the failure and, even if good cause is not shown, the court must consider whether a permissive extension of time is warranted. See Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996); Chapman, 584 F. Supp. 2d at 1090.

In this case, Plaintiff did not serve Defendant within 120 days after the complaint was filed. His attorney obtained a 14-day extension of time, but did not serve Defendant by the extended date, February 9, 2011. Plaintiff's attorney filed a second motion for an extension of time, but made no showing that there was good cause for the failure to serve Defendant. This court notes that Defendant Meijer Stores, Inc. should not be hard to find or serve. This court therefore finds that Plaintiff clearly did not show good cause for his failure to serve Defendant within the time allowed. See Chapman, 584 F. Supp. 2d at 1090-91 ("[g]ood cause means a valid reason for the delay"); see also Floyd v. United States, 900 F.2d 1045, 1047-48 (7th Cir. 1990). This court also concludes that

Plaintiff was allowed one 14-day permissive extension of time to effectuate service and there is no reason to allow additional time.

However, under Rule 4(m), this court must give Plaintiff notice before dismissing the case without prejudice. Therefore, Plaintiff is hereby notified that, if proof of service is not filed by March 21, 2011, this case will be dismissed without prejudice.

This court hereby also advises Plaintiff that a dismissal under Rule 4(m) "'[w]ithout prejudice' does not mean 'without consequence.'" Floyd, 900 F.2d at 1048, quoting Powell v. Starwalt, 866 F.2d 964, 966 (7th Cir. 1989). "If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." Powell, 866 F.2d at 966; see also Geiger v. Allen, 850 F.2d 330, 334 (7th Cir. 1988).

IT IS THEREFORE ORDERED THAT Plaintiff is hereby notified that, if proof of service is not filed by March 21, 2011, this case will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

ENTERED this 14th day of March, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE